IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAY R. HASSMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TENNESSEE ATTORNEY GENERAL )<br>HERBERT SLATERY, III, )<br>)<br>Respondent. ) | No. 1:19-cv-01118-STA-jay |

ORDER DIRECTING PETITIONER TO SHOW CAUSE

On October 29, 2019, Petitioner Jay R. Hassman filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 9.) He challenges his state probation revocation hearing and his attorney's performance at that proceeding. Respondent Herbert Slatery, III, filed an answer to the Petition on February 7, 2020. (ECF No. 15.) Petitioner did not file a reply, although allowed to do so.[1] A recent search of the Tennessee Department of Correction felony offender website reports Petitioner's status as "inactive."[2] Because it appears that Hassman is no longer in custody, he is **ORDERED** to show cause within twenty-eight days of entry of this order why the Petition and this case should not be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (citing *Carafas v. LaVallee,* 391 U.S. 234, 237–38 (1968)) (a habeas petition

---

[1] On March 4, 2020, the Court granted Hassman's motion for an extension of time to file his reply. (ECF No. 17.) Petitioner did not, however, submit a reply. He also has not filed any motion or document in this case in over two years.

[2] *See* https://apps.tn.gov/foil/results.jsp (last accessed 4/12/2022).

is moot upon the petitioner's release from custody, unless some "concrete and continuing injury" or "collateral consequence[]" exists as a result of the detention challenged).

Petitioner's failure to comply with this order will result in dismissal of the Petition and this action without further notice pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 12, 2022.