IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAY R. HASSMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-01118-STA-jay |
| ) | |
| TENNESSEE ATTORNEY GENERAL ) | |
| HERBERT SLATERY, III, ) | |
| ) | |
| Respondent. ) | |

ORDER DISMISSING PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 29, 2019, Petitioner Jay R. Hassman filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 9.) By order dated April 12, 2022, the Court found that Petitioner had been released from custody. (ECF No. 18.) The Court therefore directed Hassman to show cause within twenty-eight days why the Petition and the case should not be dismissed as moot. Although he was warned that failure to comply with the order would result in dismissal of the Petition and the case under Federal Rule of Civil Procedure 41(b), he did not file a response and the time for doing so has passed. The Petition and the case are therefore **DISMISSED** for Hassman's failure to comply with the Court's order and for lack of prosecution.

**APPEAL ISSUES**

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[1]

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

**IT IS SO ORDERED**.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

                                            Date: May 12, 2022.